UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP FRANKEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MCCALLA RAYMER LEIBERT PIERCE, LLC,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff PHILIP FRANKEN (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through the undersigned attorneys, individually and on behalf of all others similarly situated against Defendant MCCALLA RAYMER LEIBERT PIERCE, LLC (hereinafter "Defendant"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a

1

debt.

4. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

5. Plaintiff is a natural person and a resident of the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant is a collection agency with its principal office located at 485F U.S. Highway 1 South, Building F, Suite 300, Iselin, New Jersey 08830.

7. Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

8. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to April 27, 2021, an obligation was allegedly incurred to original creditor GULF HARBOUR INVESTMENTS CORPORATION ("GHIC"), which is being serviced by SPECIALIZED LOAN SERVICING LLC ("SLS").

15. The GHIC obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged GHIC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. GHIC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the GHIC debt is past due.

19. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

20. On or about April 27, 2021, Defendant caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged GHIC debt. *See* **Exhibit A.**

21. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

22. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23. The Letter stated in part:

    "If your account is not brought current by May 30, 2021, the servicer may start mortgage foreclosure proceedings..."

24. Upon information and belief, the debt the Defendant is attempting to collect on a debt that is passed the state of New Jersey's statute of limitations.

25. Nothing in the collection letters disclose that the alleged debt was barred by the statute of limitations, nor give any indication of how old the debt is.

26. The Letter falsely implies that the GHIC debt is legally enforceable by threatening legal action against Plaintiff if he does not pay the alleged debt by a specific date.

27. It is the policy of the Defendant to send and cause the sending of letters, in the form attached hereto as **Exhibit A**, that seek to collect time-barred debts and to not disclose that the debts are in fact time barred, and therefore, legally unenforceable.

28. The Federal Trade Commission ("FTC") has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands

payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm).

29. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC- 12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

30. The April 27, 2021 letter provided a validation notice, which stated in part: "Disputes, notifications and requests pursuant to this Validation of Debt should…be mailed as follows." *See* **Exhibit A**.

31. Plaintiff, as would any least sophisticated consumer, read the above statement and was left to believe that the only option for notifying the debt collector of a dispute would be in writing by mail to the debt collector.

32. The U.S. Court of Appeals for the Third Circuit ruled, in *Ricco v. Sentry Credit, Inc.*, that the Fair Debt Collection Practices Act does not require a written dispute to avoid an assumption by the debt collector that the debt is valid.

33. Pursuant to §1692g(b), a collection agency may not provide any communications that overshadow or are inconsistent with the disclosure of the consumer's right to dispute the debt.

34. Courts in the Third Circuit has established the "least sophisticated consumer" standard in

order to determine whether or not the required validation notice was "overshadowed or contradicted" by other messages or notices from the debt collector. *See, e.g., Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir.2000).

35. A validation notice is overshadowed if it would make the least sophisticated consumer uncertain as to her rights. *Id* at 354.

36. By stating in the front of the Letter that Plaintiff's dispute rights are limited to in writing, Defendant has overshadowed Plaintiff's validation rights and caused her real harm.

37. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

38. Defendant's failure to provide Plaintiff with the statutory information they were entitled to, caused the Plaintiff real harm.

39. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. Plaintiff was harmed by being subjected to deceptive and misleading collection practices, from which they had a substantive right to be free, by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make decisions that they may not have had they been given only truthful information, and by being deprived of a clear and concise understanding of their rights regarding how to dispute a debt.

40. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

41. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure

compliance with the law.

## CLASS ALLEGATIONS

42. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes:

43. Class A consists of: a) All consumers who have an address in the state of New Jersey b) who were sent a collection letter from Defendant c) attempting to collect a consumer debt owed to GHIC, d) on a debt that is passed the relevant statute of limitations e) which threatens legal action against the consumer if payment isn't received f) without disclosing that the debt was time barred, g) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

44. Class B consists of a) All consumers who have an address in the state of New Jersey b) who were sent an initial collection letter from Defendant c) attempting to collect a consumer debt owed to GHIC, d) which states: "Disputes, notifications and requests pursuant to this Validation of Debt should…be mailed" g) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

45. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

46. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

47. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692g.

48. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

49. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

50. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692g.

   (c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members.

7

        The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  (d)  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  (e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

51. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

52. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I
### *Individually and on behalf of all others similarly situated*
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

55. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: . . .**

56. The Defendants violated said provision by:

    a. Falsely representing the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

    b. Making false threats to take action that cannot legally be taken in violation of 15 U.S.C. §1692e and 1692e(5);

    c. Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

57. By reason thereof, Defendants liable to Plaintiff for judgment that their conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### *Individually and on behalf of all others similarly situated*

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 .S.C. §1692g *et seq.***

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g(b).

60. The Defendant violated said section by:

- Overshadowing Plaintiff's validation notice.

61. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  May 13, 2021

<u>/s/ Ari Marcus</u>
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*
